DECISION
These appeals concern certain real property assessments for the 2007-08 and 2008-09 tax years. The appeals for the 2007-08 tax year were dismissed by the court in an Order of Dismissal filed October 23, 2009. *Page 2 
For the 2008-09 tax year, a trial was held on February 4, 2010. Scott Dahlen (Dahlen) appeared for Plaintiffs. Sarah E. Malikowski, county appraiser, appeared for Defendant.
 I. STATEMENT OF FACTS
The subject property consists of 18 lots located in Bend, Oregon. (Ptfs' Compl at 3.) Two of them are improved with residential structures; 16 consist of bare land. (Def's Ex A-1 at 1.) They are part of the Madison development project. (Ptfs' Compl at 3.) The focus of the appeals is the real market value (RMV) of the properties as of January 1, 2008.
Dahlen produced no documentary evidence prior to trial. His presentation consisted of various arguments, beliefs and suppositions that were attached to the original Complaint. Dahlen testified he believed some of the lots were not buildable. He spoke of utilities and their availability. For one of the residential improvements, he claimed the structure was not completed on the assessment date. For some lots, other problems were isolated.
Defendant produced and submitted, pursuant to Tax Court Rule-Magistrate Division 10, a comprehensive appraisal summary. The information was contained in Defendant's Exhibits A, B, and C. They were received without objection.[1]
Defendant's evidence included 10 sales of comparable properties. All but one transaction occurred in 2007; sale 10 closed on January 8, 2008. The sales prices ranged from $75,000 to $175,000. The mean price was $110,800. They were explained in detail within Defendant's Exhibit B. *Page 3 
 II. ANALYSIS
The court's objective is to determine the RMV of Plaintiffs' property as of January 1, 2008. ORS 308.205(1)[2] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003).
No independent valuation evidence was produced by Plaintiffs. More is needed than beliefs and conclusions. The court must have evidence to examine, evaluate and weigh. It is difficult to prevail in such a dispute without submitting any exhibits. The best evidence is that offered by Defendant.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260,265, 798 P2d 235 (1990). Plaintiffs in these cases have not met that statutory requirement. Accordingly, their appeals must be denied.
 III. CONCLUSION
Plaintiffs have not submitted sufficient valuation evidence to support an assessment reduction. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that the appeals are dismissed for 2007-08; and
IT IS FURTHER DECIDED that the 2008-09 tax year appeals are denied.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Jeffrey S. Mattson on March 11,2010.
 The court filed and entered this Decision on March 11, 2010.
[1] Prior to trial, Defendant exchanged what was marked as Exhibit D. It was specifically not introduced as evidence and was returned to Defendant after the trial. No weight was given to its contents by the court.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.) *Page 1